IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                        Civil Action No. 3:17CV39

**CITY OF RICHMOND,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir.

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Complaint

The action proceeds on Prasad's Particularized Complaint ("Complaint," ECF No. 12). In her Complaint, Prasad states:[2]

> The City of Richmond violated my civil rights, namely, Anthony Mijares and the RVA Adult Expo in various different ways . . . .
> I was hired by Anthony Mijares for the RVA Adult Expo to write a press release and hire talent, and be a public relations representative (for television appearances, magazine write-ups, etc. all years) for the event. I gave Mijares an initial quote that he agreed upon and a contract—he never paid as agreed, [but] took advantage of my name and logo and advantage of my sponsor company (Hustler Magazine). [He] libeled [and] slandered me, [] and continued to use my likeness, name, image, PR write-up, appearance on television, and sponsor company as well as a parody of me "The Perfect Sun" to advertise his event, violating [my] trademark and never paid royalties, or hotel fees, or anything promised for [the] event.

(Compl. 1.)

---

[2] Court corrects the capitalization and punctuation and omits the emphasis in quotations from Prasad's Complaint. The Court also omits the internal numbering within Prasad's claims.

3

From what the Court can legibly discern, Prasad's claims for relief are:

Claim One: "[The] City of Richmond allowed Anthony Mijares to violate 2257 laws. Anthony Mijares violated Prasad's rights as a performer and did not pay her, violating all 2257 laws." (*Id.*)

Claim Two: "Mijares violate[d] Article I Bill of Rights Constitution of VA (1971) any citizen may freely speak, write, and publish his [sentiments] on all subjects—being responsible for abuse of that right. Defamational words were said . . . that harmed Prasad [and] led to loss of revenue [and] emotional damages." (*Id.* at 2.)

Claim Three: "Mijares [and the] RVA Adult Expo did not keep the rule of 'peaceably' assembling. One could argue whether sexual events are peaceable where videos are sold that contain sexual violence—and fetish [and] BDSM adult performers were in attendance that were 'violent' and abusive that harmed Prasad emotionally [and] her PTSD—she is due a redress of her grievances." (*Id.*)

Claim Four: "Mijares has to be held responsible for the abuse of the right of not peaceably assembling [and] defamation of [Prasad's] character to the extent of having a performer parody her as 'Perfect Sun.' Violation of trademark . . . . Performer was Caucasian—racism implied . . . ." (*Id.*)

Claim Five: "Mijares displayed racism as he did not pay Prasad (i.e. Sun Karma) due to defamation of character . . . [and] racism of 10th Amendment . . . ." (*Id.* at 3)

Claim Six: "When Mijares still used ([and] his Expo) [Prasad's] press releases, YouTube videos, etc. year after year and did not pay royalties, etc . . . he violated [the] 5th Amendment. [He] violated [the 5th Amendment by] taking her property 'her money' . . . ." (*Id.*)

Claim Seven: "Mijares, when repeatedly asked for [Prasad's] funds kept denying her her rights per her status – a 14th amend. violation and 13th . . . ." (*Id.*)

Prasad alleges libel, slander, and defamation, a violation of trademark law under 15 U.S.C § 1051(D)(1),[3] and violations of the Fifth,[4] Ten,[5] Thirteenth,[6] and Fourteenth[7] Amendments.

---

[3] Although Prasad presumably intends to allege trademark infringement in violation of federal trademark law, the statutory provision she cites states a necessary requirement for an application for federal registration of a trademark. *See* 15 U.S.C. § 1051(d)(1) (West 2018).

4

(*Id.* at 2–3.) Prasad seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at 2–4.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Prasad's 42 U.S.C. § 1983 claims will be dismissed because Prasad fails to allege facts upon which this Court may infer a legitimate cause of action. However, because Prasad's allegations are best understood as a claim for breach of contract, the Court will dismiss her state law claims without prejudice.

#### A. Prasad fails to allege facts that indicate Anthony Mijares was acting under color of state law

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). The "under color of state

---

[4] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[5] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

[6] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

[7] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

5

law" element of a § 1983 claim requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). As a general rule, "a public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988) (citations omitted). If a 42 U.S.C. § 1983 defendant is not a public employee, he or she must still be shown to "act under color of state law." The United States Court of Appeals for the Fourth Circuit has identified three situations where a private person is acting under color of state law for purposes of 42 U.S.C. § 1983 liability.

> First, a private party that is regulated by the state acts under color of state law where there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. Second, a private party acts under color of state law where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state. Finally, a private party acts under color of state law where the private entity has exercised powers that are traditionally the exclusive prerogative of the state.

*Conner v. Donnelly*, 42 F.3d 220, 224 (4th Cir. 1994) (internal citations and quotation marks omitted).

At the outset, Prasad simply fails to allege that Anthony Mijares is a public employee or acted under color of state law. Prasad's Complaint in no way identifies who Anthony Mijares is, and does not explain that he is a public employee, that he was regulated by the Commonwealth of Virginia, or explain how he provided a traditionally public function. Instead, Prasad baldly complains of his actions without alleging any facts upon which the Court may infer his 42 U.S.C. § 1983 liability. Therefore, Prasad's 42 U.S.C. § 1983 claims against Anthony Mijares will be DISMISSED for failure to state a claim.

6

B. **Prasad fails to allege facts to support a 42 U.S.C. § 1983 claim against the City of Richmond**

Generally, a local government may not be sued under 42 U.S.C. § 1983 simply because one of its agents inflicted an injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[,] the government as an entity is responsible under [42 U.S.C.] § 1983." *Id.* But, "municipal liability under [42 U.S.C.] § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (citation omitted).

In the present action, Prasad does not allege a single fact, or even a conclusory allegation, that any official of the City of Richmond developed and enforced an unconstitutional policy or custom. From the face of her Complaint, Prasad apparently believes the City is strictly liable because the "RVA Adult Expo" took place within its limits and because Anthony Mijares allegedly breached a contract and violated her various constitutional rights. (Compl. 1) But because municipal liability only attaches where an official chooses "to follow a course of action made from among various alternatives," *Pembaur* 475 U.S. at 483, Prasad's 42 U.S.C. § 1983 claims against the City of Richmond will be DISMISSED for failure to state a claim and as legally frivolous.

C. **Prasad fails to allege facts to support a claim of trademark infringement**

In her Complaint, Prasad alleges a violation of trademark law under "15 U.S.C § 1051(D)(1)." (Compl. 2.) Although Prasad presumably intends to allege trademark

7

infringement in violation of federal trademark law, the statutory provision she cites states one of the many necessary requirements for an application for federal trademark registration. *See* 15 U.S.C. § 1051(d)(1) (West 2018). Nonetheless, Prasad has not alleged sufficient facts upon which this Court may infer Prasad has a valid trademark and that her trademark has been infringed.

> To prevail on a trademark infringement claim under the federal Lanham Act,
>
> > the trademark holder must prove: (1) that [he/she] possesses a mark; (2) that the [opposing party] used the mark; (3) that the [opposing party's] use of the mark occurred 'in commerce'; (4) that the [opposing party] used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (5) that the [opposing party] used the mark in a manner likely to confuse consumers.

*Lamparello v. Falwell*, 420 F.3d 309, 313 (4th Cir. 2005) (second through fourth alterations in original) (citing *PETA v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001)). Further, "[b]ecause the test for trademark infringement under the Lanham Act is essentially the same as [Virginia] common law trademark infringement . . . the[] claim need not be analyzed separately." *East West, LLC v. Rahman*, 896 F. Supp. 2d 488, 497 (E.D. Va. 2012).

As best as the Court can discern, Prasad alleges that Anthony Mijares used her trademark, "The Perfect Sun," to advertise the RVA Adult Expo. (*See* Compl. 2–3.) However, Prasad does not allege sufficient facts that would allow this Court to infer that she possessed the mark or that Mijares used the mark "'in connection with the sale, offering for sale, distribution, or advertising' of goods or services." *Lamparello*, 420 F.3d at 313 (citation omitted).

To begin, Prasad must demonstrate that she possessed the mark "The Perfect Sun." *Id.* Prasad claims that she trademarked "The Perfect Sun" but does not plead that she registered the mark. *See Southgate v. Facebook, Inc.*, No. 1:17–CV–648 (AJT/IDD), 2017 WL 6759867, at *3

(E.D. Va. Nov. 14, 2017) (explaining that "[b]ecause the Complaint pleads that Plaintiff has registered the Marks, the Complaint makes a prima facie showing of the validity of the mark and Plaintiff's ownership of it"), *aff'd*, 714 F. App'x 301 (4th Cir. 2018). However, "parties [may] utilize common law trademark infringement claims when they lack a federally registered trademark." *NSCO v. Colby_Exon, LLC*, No. 3:16CV848, 2018 WL 1568684, at *8 (E.D. Va. Mar. 30, 2018). "Under common law, . . . 'trademark ownership is acquired by actual use of the mark in a given marketplace.'" *Id.* (quoting *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003)). "Moreover, to acquire common law trademark rights, it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Id.* (internal quotation marks and citation omitted). "'Use' within the meaning of the Lanham Act is defined as bona fide commercial use in the market in which protection is sought and such use must be deliberate and continuous, not sporadic, casual or transitory." *Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 146 (4th Cir. 1998) (citations omitted).

Prasad states that Mijares hired her "to write a press release and hire talent, and be a public relations representative" for the Adult RVA Expo, but that Mijares failed to pay her and continued to use her mark "The Perfect Sun." (Compl. 1.) The Court therefore construes Prasad to allege that she used the mark "The Perfect Sun" in connection with her services as a public relations representative. Consequently, since Prasad has not pled that she registered the "The Perfect Sun," in order to state a claim for common law trademark infringement, she must allege that she was the first to actually use the mark in connection with her services as a public relations representative in Richmond, Virginia—the marketplace in which she alleges that Mijares infringed her mark. *See Larsen*, 151 F.3d at 146. This she fails to do. Prasad does not allege

9

that she was the first to use the mark "The Perfect Sun." *See TSX Toys, Inc. v. 665, Inc.*, No. ED CV 14–02400–RGK (DTBx), 2015 WL 12746211, at *5 (C.D. Cal. Sept. 23, 2015) (dismissing a claim of trademark infringement because the party pled "nothing to address [its] first use of the [mark]."). Further, Prasad does not allege a single time she used the mark "The Perfect Sun" in Richmond, Virginia prior to or after Mijares' alleged infringement, and thus fails to plead that her use of the mark "The Perfect Sun" was anything but "sporadic, casual or transitory." *Larsen*, 151 F.3d at 146. In all, Prasad's allegation that she used "The Perfect Sun" once in connection with her services as a public relations representative without pleading any prior or subsequent use of the mark is insufficient to plead that she possessed the mark. *See BNC BanCorp v. BNCCORP, INC.*, No. 1:15–cv–793, 2016 WL 3365428, at *5 (M.D.N.C. June 16, 2016) (citation omitted) (denying temporary restraining order and preliminary injunction by party alleging trademark infringement, finding party failed to demonstrate deliberate and continuous use for trademark ownership); *see also Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 146 F.3d 350, 358 (6th Cir. 1998) (explaining that "a single use in trade may sustain trademark rights if followed by continuous commercial utilization.").

Further, Prasad fails to allege that Mijares "used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services." *Lamparello*, 420 F.3d at 313 (quoting *PETA*, 263 F.3d at 364)). Prasad alleges that she was hired by Mijares as a public relations representative and that he failed to pay her but continued to use her mark "'The Perfect Sun' to advertise his event," presumably the Adult RVA Expo. (Compl. 1.) Elsewhere, Prasad states "Mijares has to be held responsible for the abuse of the right of not peaceably assembling [and] defamation of [Prasad's] character to the extent of having a performer parody her as 'Perfect Sun.' Violation of trademark

.... Performer was Caucasian—racism implied ...." (*Id.* at 2.) But Prasad fails to identify any goods or services that were sold or advertised at the Adult RVA Expo that used her mark. *See Tart Optical Enters., LLC v. Light Co.*, No. LA CV16–08061 JAK (MRWx), 2017 WL 5957729, at *9 (C.D. Cal. May 1, 2017) (dismissing a claim of trademark infringement because "[n]one of the allegations identifies any goods or services linked to [defendants] for which the alleged Infringing Marks have been used.").[8] In all, Prasad's allegations that she has trademarked "The Perfect Sun" and that it was infringed upon by Mijares are entirely conclusory and thus she fails to state a plausible claim for relief.[9] Accordingly, Prasad's claim of trademark infringement will be DISMISSED for failure to state a claim.

### D. Prasad's remaining allegations are state law claims over which this Court lacks jurisdiction

Generously construed, Prasad's remaining allegations against Anthony Mijares are best understood as a claim for breach of contract, presumably under Virginia law, and an allegation of defamation against Anthony Mijares under Virginia law. Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Given the preliminary dismissal of Prasad's federal claims, any state law claims will be DISMISSED WITHOUT PREJUDICE.

---

[8] Moreover, Prasad fails to plead any facts that allow this Court to plausibly infer that Mijares used her mark "The Perfect Sun" in a manner likely to confuse consumers. *See All-U-Need Temp. Servs. Inc. v. First Transit, Inc.*, No. DKC 09–3229, 2010 WL 2560089, at *4 (D. Md. June 18, 2010) (dismissing plaintiff's trademark infringement claims and concluding, *inter alia*, that plaintiff offered no facts to support a showing of likelihood of confusion).

[9] In fact, Prasad primarily complains that Mijares used a "parody" of her mark to advertise for the RVA Adult Expo. (Compl. 1.) Generally, however, parodies of trademarks do not state a claim for trademark infringement. *See Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 263 (4th Cir. 2007).

11

## IV. Conclusion

For the foregoing reasons, Prasad's 42 U.S.C. § 1983 claims against Anthony Mijares and the City of Richmond will be DISMISSED FOR FAILURE TO STATE A CLAIM; Prasad's claim of trademark infringement will be DISMISSED FOR FAILURE TO STATE A CLAIM. Prasad's remaining state law claims will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: JUN 1 5 2018
Richmond, Virginia

M. Hannah Lauck
United States District Judge